OPINION
{¶ 1} On August 13, 2002, appellant Dan Taylor entered a plea of guilty to a charge of possession of drugs, in violation of R.C. 2925.11(A), a felony of the fifth degree. As part of the plea agreement, the State agreed to dismiss two charges of domestic violence. The court accepted the plea of guilty, ordered a pre-sentence investigation report, and set sentencing for September 23, 2002.
 {¶ 2} Following a sentencing hearing, appellant was sentenced to eleven months incarceration. During the hearing, the court noted from the pre-sentence investigation report that appellant had a long history of domestic violence and assault, beginning in 1992. The court made a finding that the presumption of community control was overridden, as appellant had previously served a prison term. Appellant was sentenced to eleven months incarceration. He assigns a single error on appeal:
 {¶ 3} "THE TRIAL COURT ERRED IN CONSIDERING THE APPELLANT'S DOMESTIC VIOLANCE [SIC] CHARGES IN PASSING SENTENCE."
 {¶ 4} R.C. 2953.08(A) sets forth the circumstances under which a defendant may appeal a felony sentence as of right. R.C. 2953.01(A)(1) provides that a maximum prison term, imposed for only one offense, is appealable as of right. In the instant case, appellant did not receive the maximum sentence for a felony of the fifth degree, which is twelve months pursuant to R.C. 2929.14(A)(5), but rather received a sentence of eleven months. The sentence therefore was not appealable under this subsection. The only other subsection which could apply to the instant appeal is (2), which provides that the sentence included a prison term and was imposed for a felony of the fourth or fifth degree, and the court did not specify at sentencing that it found one of the factors specified in R.C.2929.13(B) to apply, overriding the presumption of community control. In the instant case, the court made a finding that appellant had previously served a prison term. Therefore, the instant sentence is not appealable.
 {¶ 5} The assignment of error is overruled.
 {¶ 6} The judgment of the Richland County Court of Common Pleas is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur